1508, Apple v. LBT. Mr. Chong, please proceed. Thank you, Your Honor, and may it please the Court. The Board erred in its narrow construction of the claim phrase at issue, the power level comprising a multitude of threshold values. Power level is a broad term, and the claim language does not narrow or constrain that term at all. The specification indisputably describes two types of power levels, battery power levels and signal power levels. But without any clear evidence to support its conclusion, the Board narrowed the claims to cover only battery power levels and exclude signal power levels. That was error. So at least the other side, maybe the Board as well, focuses on how in the opening clause of this element, there are two power levels referred to. One is basically how much is in the tank, and the other is how much you're putting out, both coming from the battery. And so what follows when it uses the definite article v. is referring to some sort of antecedent, which seems a strong indication that it's a level of the battery, either what it's putting out or what's still in the tank, not any other kind of power level. Here, Your Honor, the claim phrase uses the broad term, the power level comprising a multitude of threshold values. And when we're thinking about antecedent basis, that broad term refers back to the earlier recited A power level that is measured and A power level that is adjusted. And there isn't anything in the claim language that limits that broad term to the narrower term, battery power level. It's evident from the patent that the inventors knew how to use and distinguish between the broad term, power level, and the narrower term, battery power level, but they chose to use that broad term. And under this court's precedent, in our view, the broader interpretation, therefore, should apply. Can I interrupt you for a minute? It's not just battery power level. It's battery power level monitor, right? Correct, Your Honor. Why isn't it reasonable to think that what a battery power level monitor is monitoring or measuring is a battery power level? Because, Your Honor, there is nothing in the claim language after the recitation of the battery power level monitor that requires the power level that is measured and the power level that is adjusted to be limited to a battery power level. In this specification, what does the element that corresponds to the battery power level monitor in this specification, what does that mean? So, for example, on page 54 of the joint appendix, this is at column 13, lines 52 to 58, this is the only portion of the specification where there is any discussion of the battery power level monitor adjusting a power level. So, in this particular paragraph, what the specification says is that the adjusted power, it says the battery level monitor 116, quote, adjusts a power level, e.g., for example, battery power level. And so here what the specification is saying is not that the adjusted power level is a battery power level. It uses e.g., for example. It doesn't use i.e. And under this court's case law... But it's not talking about a battery power level monitor in that part of the specification. It doesn't say the battery power level monitor has the capability of measuring a power level, e.g., a battery power level, right? It doesn't say that. It just says, in contrast to the previous, the device power level, the present invention has the capability of power level monitoring, right? I mean, I just want to make sure we're both being clear with one another. Okay. Yes. I mean, that's a distinction, right? I understand your main argument relies on a different part of the specification, doesn't it? Column 7? Correct. Which uses the phrase threshold value. And your view is that because the specification uses the word threshold value in column 7, that must mean that the phrase threshold value in the claim corresponds to this as well. That's part of the argument, yes, Your Honor. But in column 13 in that paragraph where it states the battery level monitor adjusts a power level, it doesn't limit it to a battery power level. There isn't any express restriction there. And so in the entirety of the specification, including in column 7, lines 55 to column 8, and in column 10 as well, when the specification is discussing the signal power level embodiment, it discusses it in the same way. And in that particular embodiment, LBT agrees that there are threshold values that are adjustable to activate or deactivate location tracking circuitry. So you do agree that column 13, line 52, on both of the power levels or battery power levels that are being discussed as adjusted in this disclosure, correct? In that passage, correct, Your Honor. Are you suggesting that that is limited to a particular embodiment? Because it begins with yet another advantage of the present invention, power charging monitor. So usually an advantage of the present invention is required all the way through. Here, Your Honor, it's not our view that it's limited to a battery power level, if I'm understanding Your Honor's question. Here, because they used EG as an example of a power level that is adjusted, this is an indication that the inventors intended to leave open the possibility that there is another type of power level that is adjusted. And as we know in the specification, there is only one other type of power level that is contemplated, and that is the signal power level. Is there anything in the specification that talks about a source of power other than a battery, like a wall plug? No, Your Honor. Not that I'm aware of. And when we're talking about adjusting a power level in the claim, the best that we can understand is that it is not some sort of voltage or battery current or wall plug that Your Honor is referring to. It is a tradeoff between battery life and how often you're seeking location updates. And there is a similar purpose for the signal power level embodiment, because as disclosed in column 7, line 55, the signal power level embodiment employs a threshold value that you can select or adjust, so that depending on the strength of a detected signal You can do something else. You can use accelerometers rather than checking the sky in order to figure out where you are. Correct, Your Honor. So if you are in a basement or a covered parking garage, as the circuitry to try to process and receive signals that are effectively not usable or would create error. And so the purpose of the signal power level embodiment is similar but different than the battery power level embodiment, but they are both directed to the same goal of conserving battery life, and LBT agrees with this. Now, the board, however, omitted the signal power level embodiment from the scope of the that is adjusted in the claim is limited only to battery power levels, and that the threshold values of which the power level is comprised are limited only to values that correspond to battery power levels, but there is nothing in the claim language or specification that says that. I'm going to go back to what about the phrase battery power level monitor. I mean, even in column 13, which we're relying on, and it does say, e.g., battery power level monitor, e.g., battery power level, right? Correct. So the claims are drawn to the more specific embodiment that's in the bottom of column 13, e.g., the battery power level monitor, and why I'm having a hard time understanding when the claims are drawn to that more narrow embodiment, why then I would go back and think that it was intended to cover what's in column 7, given the phrase battery power before the words level monitor. I have two points in response to that, Your Honor. The first is that there is nothing in the specification that limits the battery level monitor to working only on battery power levels. Second, for the signal power level embodiment, when it's described in column 7 through column 10, column 10 makes clear that figure 3, which is an illustration of how the signal power level embodiment works, that it illustrates figures 1 and 2. And figure 1 is very clear that the electronic device does contain a monitor. Do you agree that the charging unit is the battery? Yes, Your Honor. Okay. So the claim says wherein the battery power level measures a power level of the charging unit. Do you agree that the power level of the charging unit is the battery power? Yes, Your Honor. Okay. So it measures a power level of the charging unit. We all agree that is battery power. So we're just going to say measures battery power. Then later it says the power. I don't understand. I'm referring back to Judge Toronto's original point about providing antecedent basis. When you say the power in claim parlance, it always refers back to what you previously described. The only previously described power here is battery power level. So a power level of the charging unit, we just agreed, was the battery power. So how can we construe the power level as anything other than the battery power level? Your Honor, because a power level is also earlier described when the claim says adjusts a power level applied to location tracking circuitry. So in our view, the claim phrase, the power level comprising a multitude of threshold values, refers back to both a power level that is measured and a power level that is adjusted. We agree that the measured power level of the charging unit is limited to a battery power level, but the adjusted power level that's applicable or applied to the location tracking circuitry is not. Can the power level applied to the circuitry come from anything but the battery? I thought you answered the Chief's question, no. Oh, I understood. Forget about the question. Just answer it. The power level of the charging unit that is measured, I agree, is limited to the battery power level. And the power level applied to the circuitry? It could either be a battery power level. You said it can't be a wall plug, so it's got to be a battery, right? So the best that I can understand of that, Your Honor, is that the power level that is adjusted is something more like a trade-off or a setting where you are adjusting or you're selecting, for example, in the battery power level embodiment, a time in which, depending on how much battery is left, the frequency at which you want to actually seek location updates. The power is still coming from the battery, not from the wall or anything else? In that embodiment, yes, Your Honor. I also want to ask, going back to Column 7, I noticed that you kept on calling it a power signal level. And where in Column 7 does it use that phrase? I just see signal level. So at Column 7, lines 22 to 25, the specification does use the term signal power level. That is detected. And then at Column 10, lines 38 to 67, the specification also describes detecting the strength of a signal. And depending on that, the location tracking circuitry is either activated or deactivated. Mr. Chung, you're using your rebuttal time. Go ahead. Thank you, Your Honor. Mr. Steele, please proceed. Thank you, and may it please the Court. I think we're all in agreement that the relevant power level recited in Claim 8 is the power level that is measured and adjusted by the battery power level monitor. And apart from the plain reading of the claims, which the Court- Are those two different power levels? I guess the way I was understanding this was that one is the level of what's still in the battery, and the other is the level of the output from the battery. I believe they are the same level, and the specification refers to both of those levels using the same number, which I think is 406. So I can look at that, but I think they are the same.  The level that is remaining in the battery is referred to later in the claim as the estimated charge level. So that's what it refers to, and that's also shown in Figure 4 as a sort of battery icon with a value on it. So I'll confirm that. But the point I wanted to make here is that the power level that is adjusted and measured by the battery power level monitor cannot be a signal level, for the plain reason that we know the signal level is measured by something else. It's in Column 7, Lines 22 to 25 that you were just reviewing. It notes that signal detecting circuitry 115 detects and measures the signal power level. It also says that signal processing circuitry 104 processes and measures the signal power level. So there is no reason to assign that measuring function to the battery power level monitor when the specification tells us there is separate circuitry to measure that level. Beyond that, the signal power level is never adjusted by anything. The signal power level, the GPS signal is received by the invention. It is processed to extract location information, and the power level of that signal is measured. And that measurement is then used to trigger certain events, a transaction between the location tracking circuitry and the accelerometer. But that signal level, which comes from outside the invention, is never adjusted. And there's a difference between adjusting the threshold value that triggers the switch between the accelerometer and the location tracking circuitry, and adjusting the power level itself. If you have no other questions for me, that's all I have. Okay, thank you. Mr. Tong, we have some rebuttal time. Just very briefly, Your Honor. There is nothing in the claim language or the specification that contains an express restriction on the broad term power level or the threshold values that comprise the power level. And under this court's precedent, including the Google versus Ecofactor decision from 2024, where there are no express constraints placed on a broad term like this, the broad interpretation should apply. Thank you. Okay, I thank both counsels. Casey, take another submission.